IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 MAR 30  PM 2: 57

CLERK _B. West_
SO. DIST. OF GA.

| | | |
|---|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. CV411-102 |
| C.E. HALL CONSTRUCTION, INC.; C.E. HALL, INC.; C.E. HALL DEVELOPMENT, LLC.; CHARLES E. HALL, individually; ZENNIE ELIZABETH HALL, individually; and REMNANT PROPERTIES, LLC; | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

O R D E R

Before the Court is Defendant C.E. Hall Construction, Inc.'s ("Defendant Hall Construction") Motion to Dismiss (Doc. 10) and Defendants C.E. Hall Development, LLC, C.E. Hall, Inc., Charles E. Hall, Zennie Elizabeth Hall, and Remnant Properties's ("Defendants") Motion to Dismiss (Doc. 12). Defendant Hall Construction has moved to dismiss counts two through six of Plaintiff Fidelity and Deposit Company of Maryland's complaint. (Doc. 10.) Defendants have also moved to dismiss count two of Plaintiff's complaint. (Doc. 12.) For the following reasons, Defendants' Motion to Dismiss count two (Doc. 12) is **DENIED**. Defendant Hall Construction's Motion to Dismiss

(Doc. 10) is **GRANTED IN PART** and **DENIED IN PART**.  Defendant Hall Construction's motion is **GRANTED** as to counts three and six, and **DENIED** as to counts two, four, and five.

BACKGROUND

On August 18, 2004, C.E. Hall Construction, Inc., C.E. Hall, Inc., C.E. Hall Development, LLC, Remnant Properties, LLC, Charles E. Hall, and Zennie Elizabeth Hall (collectively, the "Indemnitors") entered into an "Agreement of Indemnity" with Plaintiff.[1]  (Doc. 17, Ex. A.) Later, on February 23, 2009, the Indemnitors again entered into an "Agreement of Indemnity" (collectively, with the 2004 indemnity agreement, "indemnity agreements") with Plaintiff.   (Doc. 1, Ex. A.)   The execution of the indemnity agreements, which completely indemnified Plaintiff—the surety—was a condition for Plaintiff to issue any performance and payment bonds naming Defendant Hall Construction as principal.  (Doc. 1 ¶ 11.)

According to Plaintiff, at the request of one or more of the Indemnitors and pursuant to the indemnity agreements, Plaintiff "executed payment and performance bonds" in connection with Defendant Hall Construction's

---

[1] For the purposes of the motions to dismiss, Plaintiff's allegations set forth in its complaint will be taken as true.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).

contract with the Southside Baptist Church ("Church") to build a community outreach center.   (Doc. 1 ¶¶ 12, 13.) Sometime after construction began, the Church alleged that Defendant Hall Construction failed to properly build the community outreach center.   (Id. ¶ 13)   The Church then made a performance bond claim against Plaintiff in the amount of $2,000,000.   (Id. at ¶ 14.)   Plaintiff also paid several of Defendant Hall Construction's subcontractors and suppliers.   (Id. ¶ 15.)

Plaintiff then made demand on the Indemnitors to post collateral with Plaintiff to "ensure that [Plaintiff] did not suffer losses resulting from the claims asserted against it."   (Id. ¶ 16.)   The Indemnitors did not post any collateral and Plaintiff entered into an agreement with the Church and Upright Builders to settle its performance bond for over $1,000,000.   (Id.)   Plaintiff alleges "by reason of bonding [Defendant Hall Construction], [Plaintiff] has suffered losses (including attorneys' and/or consulting fees, costs, and expenses) in connection with having to address and settle the claims by the Church and Upright Builders, and to investigate and defend against the payment bond claims by WTO and Griffin Contracting."   (Id. at ¶ 17.)

According to the indemnity agreements, which contained identical language, the Indemnitors agreed that, among other things, they will

> exonerate, indemnify, and keep indemnified the Surety [Plaintiff] from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interests, court costs, and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of Bonds, (2) By reason of the failure of the Contractor [Defendant Hall Construction] or [Indemnitors] to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement.  Payment by reason of the aforesaid causes shall be made to [Plaintiff] by the Contractor and Indemnitors as soon as liability exists or is asserted against [Plaintiff], whether or not [Plaintiff] shall have made any payment therefor.  Such payment shall be equal to the amount of the reserve set by [Plaintiff].  In the event of any payment by [Plaintiff], [Defendant Hall Construction] and [Indemnitors] further agree that . . . [Plaintiff] shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity, or expediency existed.

(Doc. 1, Ex. A ¶ 2; Doc. 16, Ex. A ¶ 19.)  As a result of the alleged breaches of the General Indemnity Agreements, Plaintiff brought this action.  Plaintiff alleged counts one and two against the Indemnitors—breach of contract and

4

specific performance. (Doc. 1 ¶¶ 24-42.) Plaintiff alleged counts three through six only against Defendant Hall Construction. (Doc. 1 ¶¶ 43-69.) Defendant Hall Construction has moved to dismiss all counts because they fail to state grounds upon which relief can be granted. (Doc. 10; Doc. 16.) Defendants have moved to dismiss only count two, alleging that Plaintiff has failed to state a claim upon which relief can be granted. (Doc. 12; Doc. 17.)

## ANALYSIS

### I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Aschroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).[2]  "A

---

[2] Iqbal makes clear that Twombly has been the controlling standard on the interpretation of Federal Rule of Civil Procedure 8 in all cases since it was decided. Iqbal, 129 S. Ct. at 1953 ("Though Twombly determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . . [that] in turn governs the pleading standard in all civil actions and proceedings in the United States district courts." (internal quotations and citations omitted)).

pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 129 S. Ct. at 1949 (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-50. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1268. That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545). In addition, if on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P.

12(d).   Significantly, "[a]ll parties must be given a
reasonable opportunity to present all the material that is
pertinent to the motion." Id.

II.  CLAIMS ARISING FROM THE GENERAL INDEMNITY AGREEMENT

"In a diversity jurisdiction case, the court applies
the substantive law of the state in which the case arose."
Azar v. Nat'l City Bank, 382 F. App'x 880, 884 (11th Cir.
2010).   Therefore, the choice of law rules of the forum
state of Georgia determine what substantive law applies to
this dispute.   U.S. Fid. & Guar. Co. v. Liberty Surplus
Ins. Corp., 550 F.3d 1031, 1033 (11th Cir. 2008).   Georgia
applies the traditional rule of lex loci contractus.
Convergys Corp. v. Keener, 276 Ga. 808, 811, 582 S.E.2d 84,
86 (2003).   The parties agree that Georgia law governs this
dispute.   Accordingly, the Court will apply Georgia law to
this case.

Under Georgia law, indemnity agreements are to be
strictly construed against the indemnitee and every
presumption is against such intention to indemnify.   Serv.
Merch. Co. v. Hunter Fan Co., 274 Ga. App. 290, 292, 617
S.E.2d 235, 237-38 (2005).     However, this strict
construction principle is not required when the language in
an indemnity contract is plain, unambiguous, and capable of
only one reasonable interpretation.   Anderson v. U.S. Fid.

7

& Guar. Co., 267 Ga. App. 624, 627, 600 S.E.2d 712, 715 (2004).   The scope of an indemnity agreement creates a question of law for the court.   George L. Smith II Ga. World Cong. Ctr. Auth. v. Soft Comdex, Inc., 250 Ga. App. 461, 462, 550 S.E.2d 704, 705 (2001).

    A.   Count Two – Specific Performance

In its complaint, Plaintiff seeks specific performance against Defendant Hall Construction and Defendants.[3]   (Doc. 1 ¶ 35.)   Plaintiff asserts that it had to fulfill Defendant Hall Construction's obligations to the Church as well as with subcontractors and suppliers.   (Id. ¶ 34.) Both Defendant Hall Construction (Docs. 10, 16) and Defendants (Doc. 12, 17) have moved to dismiss count two on the grounds that it seeks the same remedy and is duplicative of count one.   (Doc. 16 at 4-5; Doc. 17 at 4- 5.)

Federal Rule of Civil Procedure 8(a)(3) requires that pleadings provide "a demand for the relief sought, which

---

[3] Neither motion to dismiss moves to dismiss Plaintiff's first count.   In count one, Plaintiff alleges against Defendant Hall Construction and Defendants that they breached the general indemnity agreements as guarantors and indemnitors.   (Doc. 1 ¶¶ 24-31.)   Plaintiff seeks "judgment against the [g]eneral [i]ndemnitors (jointly and severally) for its damages, attorney's fees, costs, expenses, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.   (Id. ¶ 31.)

may include relief in the alternative or different types of relief."   Further, "a party may set out [two] or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.   If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."   Fed. R. Civ. P. 8(d)(2).   The Rules also allow a party to raise separate claims, regardless of whether they are inconsistent.  Fed. R. Civ. P. 8(d)(3).

Under Georgia law, specific performance is "an extraordinary, equitable remedy, which will be granted only if the complainant does not have an adequate remedy at law."   Kirkley v. Jones, 250 Ga. App. 113, 115-16, 550 S.E.2d 686, 690 (2001).   Indeed, "it is not a remedy that either party can demand as a matter of absolute right and will not be granted in any given case unless strictly equitable and just."   Id. at 116, 550 S.E.2d at 690. However, "[s]ureties are ordinarily entitled to specific performance of collateral security clauses."   71 Am. Jur. 2d Specific Performance § 180 (2012).   Other federal district and appellate courts have held that a surety company may seek both monetary and specific performance of an indemnity provision requiring a collateral deposit.  See Liberty Mut. Ins. Co. v. Aventura Eng'g & Constr. Corp.,

534 F. Supp. 2d. 1290, 1320-21 (S.D. Fla. 2008).  The Ninth Circuit Court of Appeals has found that "[s]ureties are ordinarily entitled to specific performance of collateral security clauses."  Safeco Ins. Co. of Am. v. Schwab, 739 F.2d 431, 433 (9th Cir. 1984).

Presently, Plaintiff has alleged two similar, though not identical, alternative counts.  In count one, Plaintiff's request is for monetary damages from the breach of the indemnity agreements.  (Doc. 1 ¶¶ 24-31.)  In count two, however, Plaintiff requested specific performance of the indemnity provision requiring a collateral deposit as a remedy for breach of contract by Defendant Hall Construction and Defendants.  (Id. at ¶¶ 32-42.)  Plaintiff is not merely seeking to recover for damages due to the previous non-performance, as in count one, but requesting specific performance to compel the obligations under the indemnity agreements to make a collateral deposit.  (Doc. 18 at 3.)  This Court cannot sufficiently distinguish the present case from cases in other courts where the plaintiff was allowed to raise claims for specific performance. Plaintiff is free to pursue alternative theories of recovery, regardless of their consistency.  See Brookhaven Landscape & Grading Co. v. J.F. Barton Contracting Co., 676 F.2d 516, 523 (11th Cir. 1982).  Thus, the Court finds that

10

count two is not duplicative of count one and states a claim upon which relief can be granted.

Plaintiff also alleges that it "has no adequate remedy at law to enforce its rights" under the indemnity agreements and so it may properly seek specific performance. (Doc. 1 at ¶ 39.)   While Georgia has yet to directly rule on this issue, other courts have recognized that where liability of a surety under an indemnification agreement has not yet been determined, but claims are expected, specific performance for any collateral security provision is proper.   See The Hanover Ins. Co. v. Clark, 2006 WL 2375428, at *5-6 (N.D. Ill. 2006) (unpublished) (finding that specific performance is proper where unambiguous language in the indemnity agreement requires posting of collateral security in the event of a demand against plaintiff); Am. Motorists Ins. Co. v. United Furnace Co., 876 F.2d 293, 299-300 (2d Cir. 1989); Schwab, 739 F.2d at 433-34 (opining that an indemnity agreement with a surety should be construed to require indemnitor to provide collateral security upon demand by the surety). The Court finds that Plaintiff's allegations as pled would expose it to liability, permitting relief as required in

11

the indemnity agreements[4] and making specific performance an available remedy.       Accordingly,    Defendant    Hall Construction's Motion to Dismiss (Doc. 10) as to count two and Defendants' Motion to Dismiss (Doc. 12) is **DENIED**.

     B.   Count Three - Quia Timet

     Plaintiff's third count alleges a claim based in quia timet because it has already incurred liability and "may be called upon in the future to pay the debts" of Defendant Hall Construction.[5]   (Doc. 1 ¶ 47.)   Plaintiff seeks to

---

[4] In relevant part, "[p]ayment by reason of [ ] aforesaid cause shall be made to the [Plaintiff] by [Defendant Hall Construction and Defendants] as soon as liability exists or is asserted against the Surety, whether or not the surety shall have made any payments therefor." (Doc. 1, Ex. A ¶ 2.)

[5] Georgia law provides that

     quia timet is sustained in equity for the purpose of causing to be delivered and canceled any instrument which has answered the object of its creation or any forged or other iniquitous deed or other writing which, though not enforced at the time, either casts a cloud over the complainant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary to his perfect protection.

O.C.G.A. § 23-3-40.   Further,

     [i]n all proceedings quia timet or proceedings to remove clouds upon titles to real estate, if a proper case is made, the relief sought shall be granted to any complainant irrespective of whether the invalidity of the instrument sought to be canceled appears upon the face of the instrument or whether the invalidity appears or

prevent Defendant Hall Construction from "diverting or disbursing any funds," to compel Defendant Hall Construction to "post a bond or suitable collateral," freeze or attach Defendant Hall Construction's assets until a bond is posted, enjoin Defendant Hall Construction from "selling, transferring, disposing of, or liening any assets or property," and grant a lien on all Defendant Hall Construction's assets and property.   (Doc. 1 ¶ 52(a)-(h).) Defendant Hall Construction alleges count three fails to allege a claim for which relief can be granted, contending quia timet is only application in actions to quiet title to land.   (Doc. 16 at 5.)   Plaintiff counters that quiet title "is also used by the courts to enforce a surety's right as a common law remedy."   (Doc. 18 at 5.)

Georgia courts have found that quia timet is only recognized as a remedy for an action to quiet title to land.   See Cunningham v. Gage, 301 Ga. App. 306, 308, 686 S.E.2d 800, 801-02 (2009).   At present, there is no title of land at issue—the current dispute is not over title to land, but rather a surety bond.   Under Georgia law, therefore, Plaintiff's third count must be dismissed

arises solely from facts outside of the instrument.

O.C.G.A. § 23-3-41.

13

because it fails to state a claim upon which relief can be granted. Accordingly, Defendant Hall Construction's Motion to Dismiss is **GRANTED** as to count three.

### C.   Count Four - Exoneration

In the fourth count, Plaintiff seeks to recover against Defendant Hall Construction for exoneration. (Doc. 1 ¶¶ 53-59.) Defendant Hall Construction has moved to dismiss on the grounds that exoneration "is not a remedy under Georgia law separate and apart from what is provided in the Indemnity Agreement." (Doc. 16 at 6.) Plaintiff contends that exoneration "is a remedy recognized by the courts." (Doc. 18 at 6.)

Exoneration is a common law equitable remedy that "grants the surety the right to compel the principal to perform or pay the bonded obligation, thereby protecting the surety against liability under its performance or payment bond." 4A Bruner & O'Connor Construction Law § 12.98 (2011). The surety's right of exoneration is routinely confirmed and extended to indemnitees in a written indemnity agreement created as an inducement to the surety to provide bonds. Id. Georgia law is unclear as to whether seeking common law remedies in addition to actions for breach of contract or specific performance are duplicative and thus barred. The issue is one split among

14

other states and other federal district and appellate courts. Compare Mukamal v. Bakes, 378 F. App'x 890 (11th Cir. 2010) (finding creditors' derivative breach of fiduciary duty duplicative of debtors' direct claims), with Borey v. Nat'l Union Fire Ins. Co., 934 F.2d 30, 32-33 (2d Cir. 1991) (holding that exoneration is proper where surety cannot be made whole by resolution of alternative claims).

   With this background, the Court finds that exoneration is a recognized equitable remedy.  And while there is express language in the Indemnity Agreement calling for exoneration, the Court will allow count four to proceed because it states a claim upon which relief can be granted. The Court is also cognizant to the fact that "courts can and should preclude double recovery." Gen. Tel. Co. v. EEOC, 446 U.S. 318, 333 (1980).  Because Plaintiff may set out alternative statements that are consistent or inconsistent with other claims, Fed. R. Civ. P. 8(d), Plaintiff has pled facts sufficient to state a claim upon which relief can be granted.  In the event that count four survives further dispositive motions and proceeds to trial, the Court will ensure that there is no duplicative recovery.   See id.   Accordingly, Defendant Hall Construction's Motion to Dismiss as to count four is **DENIED**.

15

D.   Count Five - Equitable Subrogation

Plaintiff also alleges that it "is now [and] will be equitably subrogated to the rights of the entities [and] people that [Plaintiff] paid or pays on behalf of [Defendant Hall Construction]." (Doc. 1 ¶ 62.) Defendant Hall Construction avers that dismissal of count five is proper because it "completely fails to set forth the facts necessary to state a claim against [Defendant Hall Construction] by the entities to which Plaintiff made payment" and because it "purports to assert an equitable common law remedy of subrogation where there was an express indemnity agreement." (Doc. 16 a 7-8.) Plaintiff counters that it has "specifically alleged that it has paid Upright Builders to settle its bond claim and that such an allegation alone is enough to trigger Plaintiff's right to recover against [Defendant Hall Construction] for equitable subrogation. (Doc. 18 at 8.)

Under Georgia law, there is no inherent right to subrogation. See Performance Food Grp. v. Williams, 300 Ga. App. 831, 834, 686 S.E.2d 437, 440 (2009). However, as subrogation is both a legal as well as equitable right, courts " 'incline rather to extend than restrict the principle.' " Aetna Cas. & Sur. Co. v. Westinghouse Elec. Co., 176 Ga. App. 748, 753, 337 S.E.2d 390, 395 (1985)

16

(citing Argonaut Ins. Co. v. C & S Bank of Tifton, 140 Ga. App. 807, 810, 232 S.E.2d 135, 138 (1976)). Identical to the exoneration count, Georgia courts have yet to directly decide whether the equitable common law remedy of subrogation is duplicative where relief is also sought pursuant to express indemnity agreements. As Georgia courts, under Georgia case law, are inclined to extend the equitable remedy of subrogation, this Court will also apply such a principle for the purposes of these pleadings. See Westinghouse Elec., 176 Ga. App. at 753, 337 S.E.2d at 395.

Additionally, Defendant Hall Construction contends that count five must be dismissed because it "fails to allege the basis upon which such an entity would be entitled to recover against [Defendant Hall Construction]." (Doc. 16 at 8.) Taking the well-pleaded facts as true, however, the Court finds that Plaintiff's pleadings contain sufficient factual enhancements to satisfy Iqbal's heightened pleading standard. Count five identifies the Church, Upright Builders, and "potentially others" that Plaintiff was forced to pay or settle performance bond claims. (Doc. 1 ¶ 64.) Accordingly, Defendant Hall Construction's Motion to Dismiss as to count five is DENIED.

E.    Count Six – Common Law Indemnity

Plaintiff has requested that the Court withdraw count six for common law indemnity because Defendant Hall Construction has conceded that it entered into the indemnity agreements.    The Court agrees.    Accordingly, Defendant Hall Construction's motion to dismiss as to count six is **GRANTED**.

CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss count two (Doc. 12) is **DENIED**.    Defendant Hall Construction's Motion to Dismiss (Doc. 10) is **GRANTED IN PART** and **DENIED IN PART**.    Defendant Hall Construction's motion is **GRANTED** as to counts three and six and **DENIED** as to counts two, four, and five.

SO ORDERED this __30th__ day of March 2012.


WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA