FILED
U.S. DIST. CT COURT
SAV. ... DIV.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA 2013 SEP 20  AM 3: 13
SAVANNAH DIVISION

CLERK
SO. DIST. OF GA.

FIDELITY AND DEPOSIT COMPANY )
OF MARYLAND,                  )
                              )
        Plaintiff,            )
                              )
v.                            )        CASE NO. CV411-102
                              )
C.E. HALL CONSTRUCTION, INC.; )
C.E. HALL, INC.; and          )
CHARLES E. HALL,              )
individually;                 )
                              )
        Defendants.           )
_____ )

## O R D E R

Before the Court is Plaintiff's "Motion for
Reconsideration of Court's Denial of [its] Motion for
Summary Judgment Against C.E. Hall Construction, Inc., C.E.
Hall, Inc., and Charles E. Hall." (Doc. 88.)  After
careful consideration, Plaintiff's motion is **GRANTED** and
the Court **VACATES** its prior order only as to the denial of
Plaintiff's motion for summary judgment (Doc. 86,
Analysis.III.B at 14-17).[1]  For the following reasons,
summary judgment in favor of Plaintiff is appropriate.
Accordingly, Plaintiff is **DIRECTED** to file, within thirty
days, an affidavit outlining the total amount, costs, and

_____

[1] As a result, Plaintiff's motion for oral argument (Doc.
95) is **DISMISSED AS MOOT**.

any accrued interest to what Plaintiff believes it is entitled. Defendants shall have twenty days to respond.

## BACKGROUND

Plaintiff is a surety company that issues payment and performance bonds to secure contractors' performance on a construction project. (Doc. 1 at 1.) Defendants C.E. Hall Construction, Inc., C.E. Hall, Inc., and Charles E. Hall ("Defendants") are a general contractor and its affiliates. (Doc. 54 at 1.) On August 18, 2004, Defendants entered into an "Agreement of Indemnity" ("2004 Agreement") with Plaintiff for a construction project. (Doc. 17, Ex. A.) The Defendants agreed that

> [i]n the event of any breach or default asserted by the obligee in any said Bonds, or the Contractor has . . . failed to pay obligations incurred in connection therewith, . . . the Surety shall have the right, at its option and in its sole discretion . . . to take possession of any part or all of the work under any contract . . . covered by any said Bonds, and at the expense of the Contractor and Indemnitors to complete or arrange for the completion of the same, and the Contract and Indemnitors shall promptly upon demand pay to the Surety all losses, and expenses so incurred.

(Doc. 1, Ex. A ¶ 6.) Further, 2004 Agreement provided that

> the Surety shall be entitled to charge for any and all disbursements made by it in good faith . . . under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed.

2

(Doc. 1, Ex. A ¶ 2.)  Critically, "the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety."  (Id.)  "[The] Surety shall have the right to adjust, settle or compromise any claim, demand, suit or judgment upon the Bonds, unless the Contractor and the Indemnitors shall request the Surety to litigate such claim or demand, or to defend such suit." (Id. ¶ 13.)  When the contractors and indemnitors request the surety to litigate such claim or demand, the agreement requires that that "[the Indemnitors] deposit with the Surety, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount, to be used in paying any judgment or judgments rendered or that may be rendered with interests, costs, expenses and attorney's fees, including those of the Surety."  (Id.)

Defendants defaulted on the construction project, arguing that others caused the delays that ultimately led to the default.  (Doc. 86 at 3-7.)  Performance bond claims were made against Defendants.  (Id. at 5.)  Three subcontractors also made payment bond claims.  (Id.) Plaintiff made a demand on Defendants to post collateral, as required by the 2004 Agreement, but Defendants failed to

do so.   After retaining an expert to evaluate the claims,
Plaintiff settled the performance and payment bond claims.
(Id. at 6.)   Plaintiff now seeks indemnification from
Defendants for the full amount of settlements and payment
bond claims paid, totaling $1,447,964.50, plus any costs,
fees, and interest.   (Doc. 34 at 7-8.)

Previously, this Court denied Plaintiff's motion for
partial summary judgment against Defendants.   (Doc. 86 at
14-17.)   Plaintiff has moved for reconsideration of this
Court's prior order as to that denial.   (Doc. 88 at 1.)   In
the prior order, the Court found that there were genuine
issues of material fact as to whether Plaintiff breached
its duty of good faith.   (Doc. 86 at 15.)   In response,
Defendants contend that the 2004 Agreement provides that
Plaintiff is entitled for only those disbursements made in
good faith.   (Doc. 90 at 2.)   Further, Defendants argue
that this good faith requirement is not altered by whether
Defendants request Plaintiff to dispute a claim or post
collateral.   (Id.)

**ANALYSIS**

I.   MOTION FOR RECONSIDERATION STANDARD

Courts within the Eleventh Circuit have held that
reconsideration is appropriate in a limited number of
circumstances.   Specifically,

4

> [r]econsideration is appropriate only if the
> movant demonstrates (1) that there has been an
> intervening change in the law, (2) that new
> evidence has been discovered which was not
> previously available to the parties in the
> exercise of due diligence, or (3) that the court
> made a clear error of law.

Bingham v. Nelson, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21,

2010) (internal quotation marks and citation omitted); see

also Wells v. Gen. Dynamics Info. Tech., Inc., 2012 WL

5207519, at *1 (M.D. Ga. Oct. 22, 2012). Additionally,

"[i]n order to demonstrate clear error, the party moving

for reconsideration must do more than simply restate his

prior arguments, and any arguments which the party

inadvertently failed to raise earlier are deemed waived."

McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23

(M.D. Ga. 1997). After careful consideration, Plaintiff

has met its burden.

II.   SUMMARY JUDGMENT STANDARD OF REVIEW

       According to Federal Rule of Civil Procedure 56(a),

"[a] party may move for summary judgment, identifying each

claim or defense—or the part of each claim or defense—on

which summary judgment is sought." Such a motion must be

granted "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Id. The "purpose of

summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portion of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts that are material to

the nonmovant's case.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant.  Matsushita, 475 U.S. at 587-88.  However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Id. at 586.  A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice.  See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998).  Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment."  Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989).

"In a diversity jurisdiction case, the court applies the substantive law of the state in which the case arose."  Azar v. Nat'l City Bank, 382 F. App'x 880, 884 (11th Cir. 2010).  Therefore, the choice of law rules of the forum state of Georgia determine what substantive law applies to this dispute.  U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp., 550 F.3d 1031, 1033 (11th Cir. 2008).  Georgia applies the traditional rule of lex loci contractus.

_Convergys Corp. v. Keener_, 276 Ga. 808, 811, 582 S.E.2d 84, 86 (2003).   The parties agree that Georgia law governs this dispute.   Accordingly, the Court will apply Georgia law, where applicable.

III. OBLIGATIONS UNDER THE 2004 AGREEMENT

A surety has a duty to act in good faith to the indemnitor, but this duty does not require that the surety act with the loyalty of a fiduciary.   See _Fid. & Deposit Co. of Md. v. Douglas Asphalt Co._, 2008 WL 5351039, at *7 (S.D. Ga. Dec. 22, 2008) (unpublished) (_aff'd_ 338 F. App'x 886 (11th Cir. 2009)).   "Where a decision is left to the discretion of a designated entity, the question is not whether it was in fact erroneous, but whether it was in bad faith, arbitrary or capricious so as to amount to an abuse of that discretion."   _Transamerica Ins. Co. v. H.V.A.C. Contractors_, 857 F. Supp. 969, 975 (N.D. Ga. 1994) (_citing Reliance Ins. Co. v. Romine_, 707 F. Supp. 550, 552 (S.D. Ga. 1989)).   The inquiry rests on whether "the surety's conduct was manifested by a lack of improper motive."   Philip L. Bruner & Patrick J. O'Connor, Jr., _Bruner & O'Connor Construction Law_ § 10:108 (2008).

The exercise of a contractual right, without more, cannot form the basis for a claim of bad faith.   _Marriott Corp. v. Dasta Constr. Co._, 26 F.3d 1057, 1069-70 (11th

Cir. 1994) ("[T]he exercise of a legitimate contractual right simply does not amount to a wrongful act."). Additionally, "[a]n indemnitor's failure to request that the surety defend against a claim and failure to post security collateral, when requested to do so under the terms of the indemnity agreement, defeats the defense of bad faith." Douglas Asphalt, 2008 WL 5351039, at *8 (citing Nguyen v. Lumbermens Mut. Cas. Co., 261 Ga. App. 553, 555, 583 S.E.2d 220, 223 (2003)). In affirming the district court's findings in Douglas Asphalt, the Eleventh Circuit held that the failure of a surety to contest a default does not show bad faith. Douglas Asphalt, 338 F. App'x at 887. The issue of bad faith generally requires resolution by the trier of fact; however, "in limited circumstances, [Georgia courts] have found as a matter of law that insurers that act reasonably do not act in bad faith." See Lumbermen's, 261 Ga. App. at 555, 583 S.E.2d at 223 (string citation omitted) (affirming trial court's finding that surety acted reasonably—and thus, not in bad faith—as a matter of law).

Just as the courts in Transamerica and Douglas Asphalt, this Court can find no authority for imposing on Plaintiff any duty to Defendants beyond that provided in the 2004 Agreement. Defendants dispute neither their

failure to request that Plaintiff contest their default nor that they failed to post collateral as required by the 2004 Agreement. Instead, Defendants rely on the 2004 Agreement's indemnity provision, which provides that Plaintiff is entitled to reimbursement only for those disbursements made in good faith. (Doc. 1, Ex. A ¶ 2.) Defendants have not identified anything in the record to suggest that Plaintiff acted unreasonably by settling the performance bond and payment bond claims related to Defendants' default.

Defendants' failure to make a request that Plaintiff contest default and failure to post collateral is dispositive. As discussed above, the Court's review of the record in this case has not located any support for a finding that Plaintiff's actions were unreasonable. In short, Plaintiff is entitled to reimbursement from Defendants because the disbursements were made in good faith. (Doc. 1, Ex. A ¶ 2.) Accordingly, summary judgment on these grounds is proper.

CONCLUSION

For the foregoing reasons, summary judgment in favor of Plaintiff is appropriate. Plaintiff's motion is **GRANTED** and the Court **VACATES** its prior order (Doc. 86) only as to its denial of Plaintiff's motion for summary judgment (Doc.

86, Analysis.III.B at 14-17).   Plaintiff is **DIRECTED** to file, within thirty days, an affidavit outlining the total amount, costs, and any accrued interest to what Plaintiff believes it is entitled.   Defendants shall have twenty days to respond.

SO ORDERED this *20th* day of September 2013.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

11