IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FIDELITY AND DEPOSIT COMPANY )
OF MARYLAND, )
)
    Plaintiff, )
)
v. ) CASE NO. CV411-202
)
C.E. HALL CONSTRUCTION, INC.; )
C.E. HALL, INC.; and )
CHARLES E. HALL, )
individually; )
)
    Defendants. )
)

## O R D E R

On September 20, 2013, this Court granted summary judgment in favor of Plaintiff. (Doc. 106.) In that order, the Court directed Plaintiff to file an affidavit outlining the total amount, costs, and any accrued interest to which it believes it is entitled. (Id. at 1-2.) On October 18, 2013, Plaintiff filed an affidavit requesting judgment in the amount of $1,710,647.19, representing $1,447,964.50 in principal and $262,682.69 in prejudgment interest. ((Doc. 107, Attach. 1.) Defendants responded in opposition, arguing that Plaintiff is not due prejudgment interest or, in the alternative, that the prejudgment interest should be reduced in accordance with when Plaintiff made its demands for payment. (Doc. 108.)

Plaintiff filed a reply reducing the amount of judgment it seeks based on the dates it first demanded each payment in question. (Doc. 110.) Defendants then filed a second response (Doc. 111), to which Plaintiffs filed a sur-reply (Doc. 113). Defendants do not dispute the amount of principal at issue in this case, but only whether and to what amount any prejudgment interest is owed to Plaintiff.

First, Defendants argue that the parties' indemnity agreement does not provide for prejudgment interest on amounts paid out by Plaintiff that Defendants fail to indemnify. (Doc. 108 at 2.) Because the agreement does not address this situation specifically, Defendants contend that the contract is ambiguous and thus, there is a presumption against indemnity. (Doc. 108 at 2-3.) However, Georgia law provides that "[a]ll liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, they shall bear interest from the time of the demand." O.C.G.A. § 7-4-15. Such prejudgment interest is mandatory, and is awarded by the Court as a matter of law. Florida Int'l Indem. Co. v. Osgood, 233 Ga. App. 111, 113, 503 S.E.2d 371, 373 (1998). Accordingly, the Court finds Defendants' argument without merit.

2

Second, Defendants argue that if prejudgment interest is owed, it should be calculated from the date Plaintiff first made demand for reimbursement and supplied Defendants with "vouchers or other evidence" of the amount owed. (Doc. 108 at 4-5.) Defendants contend that prejudgment interest should not accrue on a demand until all contractual conditions of the indemnity agreement are satisfied, and that such conditions include the presentation of confirming documentation of the amount owed. (Id.) The language in question states that Defendants shall repay disbursements made in good faith "and that the vouchers or other evidence of any such payments made by [Plaintiff] shall be prima facie evidence of the fact and amount of the liability to [Plaintiff]." (Doc. 38, Attach. 1 at 1.)

After reviewing the indemnity agreement in this case, the Court does not arrive at the same conclusion as Defendants. Rather, the agreement appears to allow, but does not necessarily require, the presentation of vouchers for an effective demand of payment. In addition, under Georgia law the only prerequisite for an award of prejudgment interest is a demand for it, with no further limitation. See, e.g., Crisler v. Haugabook, 290 Ga. 863, 864, 725 S.E.2d 318, 319 (2012). Accordingly, as requested

3

by Plaintiff, the Court will calculate judgment from the date it filed its complaint—May 2, 2011—with regard to payments made to Upright Builders, Inc. and Southside Baptist Church. (Doc. 110 at 6.) Prejudgment interested for payments made to Griffin Contracting and WTO of Savannah, Inc. accrues from October 31, 2011 when Plaintiff filed its partial motion for summary judgment. (Id.)

For the reasons stated above, judgment is hereby rendered in favor of Plaintiff, Fidelity & Deposit Company of Maryland, and against Defendants, C.E Hall Construction, Inc., C.E. Hall, Inc.; and Charles E. Hall, in the total amount of $1,809,243.09. This amount represents $1,447,964.40 in principal and $361,278.69 in prejudgment interest through September 23, 2014, accruing at a rate of seven percent annually. Plaintiffs have not requested any payment for costs or attorney's fees. (Doc. 107, Attach. 1 ¶ 10.) The Clerk of Court is **DIRECTED** to enter judgment, pursuant to Rule 58 of the Federal Rules of Civil Procedure, consistent with the terms of this order, and to close this case.

SO ORDERED this 24th day of September 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4